IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM ROMERO,

    Plaintiff,

vs.                                                             No. CIV 09-0349 RB/GBW

THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SAN MIGUEL, a political
subdivision of the STATE OF NEW MEXICO, and
JOHN A. / JANE A. DOES 1-X, Employees of, or
Agents for, the San Miguel County Detention Center,
Individually and/or in their Official Capacities, and
DOE HEALTH CARE CORPORATIONS/COMPANIES
1-X, Contracted Health Care Entities to the San Miguel
County Detention Center, and JOHN B. / JANE B. DOES
HEALTH CARE PROVIDERS 1-X, Employees, Agents
and/or Contracted Physicians, Nurses, or Other Health
Care Providers for Doe Corporations/Companies and/or
the San Miguel County Detention Center, Individually and/or
in their Official Capacities, and ALTA VISTA REGIONAL
HOSPITAL, an entity doing Business in the County of San
Miguel in the State of New Mexico, and VIKRAM ALLADI,
M.D., and other JOHN C. / JANE C. DOES HEALTH CARE
PROVIDERS 1-X, Employees, Agents and/or Contracted
Physicians, Nurses, or Other Health Care Providers for Alta
Vista Hospital, Individually and/or in their Official Capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** came before the Court on Plaintiff's ("Mr. Romero's") Motion to Remand (Doc. 13), filed on June 16, 2009. Mr. Romero also requests an award of fees and costs. Having reviewed the submissions of the parties and the relevant law, I find that this matter should be remanded and that the request for fees and costs should be denied.

**I.**    **Background.**

    On March 9, 2009, Mr. Romero filed a Complaint for Medical Negligence and for Violations

of the New Mexico Tort Claims Act ("Complaint") in the Fourth Judicial District Court, County of San Miguel, State of New Mexico, alleging that he received sub-standard medical care as the result of Defendants' negligence while he was incarcerated at the San Miguel County Detention Center. (Doc. 1-2, "Compl.".)  Mr. Romero seeks recovery for, inter alia, "violation of his civil rights." (Compl. ¶¶ 26, 34, 38, 46, 50.)  The Complaint invokes only state statutory law in his Complaint; no federal law is mentioned.

On April 9, 2009, Defendant Board of San Miguel County Commissioners ("San Miguel") removed this action based on federal question jurisdiction.  *See* 28 U.S.C. §1331.  Defendant Alta Vista Hospital ("Alta Vista") consented to removal.  On June 16, 2009, Mr. Romero moved to remand on the ground that the Complaint does not raise a federal question.

In support of his motion, Mr. Romero states that the words "civil rights," as included in the Complaint in the context of averments, are insufficient to confer federal question jurisdiction. Mr. Romero requests an award of fees and costs incurred in connection with the motion to remand.  It is material that the motion to remand omits a recitation of a good-faith request for concurrence of opposing counsel.

San Miguel responds that, prior to filing the notice of removal, counsel for the County, Gianna M. Mendoza, contacted Plaintiff's counsel, Sharon Hawk, to ascertain whether Defendant Vikram Alladi, M.D. had been served. (Def. Ex. A, Mendoza Aff.)  On April 7, 2009, Ms. Mendoza contacted Ms. Hawk and informed Ms. Hawk that Defendants intended to remove the case because Ms. Mendoza believed the use of the term "civil rights" demonstrated an intent to file federal claims. (Mendoza Aff. ¶ 4.)  Because Ms. Hawk "positively responded" to this interpretation, and Ms. Hawk informed Ms. Mendoza that Dr. Alladi had not been served, Defendants filed the notice of removal. (Mendoza Aff. ¶¶ 4-6.)

Ms. Mendoza additionally avers that counsel for Mr. Romero did not seek concurrence of opposing counsel before filing the motion to remand. (Mendoza Aff. ¶ 8.) San Miguel did not oppose remand so long as Plaintiff acknowledged in writing or on the record that he did not intend to pursue federal claims against San Miguel. (Mendoza Aff. ¶ 9.) Because Plaintiff stated in the motion to remand that he does not, and will not, pursue federal claims, San Miguel does not oppose remand. (Mendoza Aff. ¶ 10.) Alta Vista does not oppose remand so long as Plaintiff agrees that he will not pursue federal claims against any Defendant. Defendants oppose Mr. Romero's request for attorney fees.

In his reply, Mr. Romero states that he has asserted only state law claims at all relevant times and the Notice of Removal makes no reference to any belief that Ms. Hawk somehow acquiesced or stipulated to Ms. Mendoza's interpretation of the Complaint. While not disputing that his counsel failed to seek the concurrence of opposing counsel prior to filing the motion to remand, Mr. Romero points out that subject matter jurisdiction cannot be conferred by consent.

In support of his request for attorney fees, Mr. Romero states that his ability to litigate his case in state court has been unnecessarily delayed and he was required to allocate attorney time and resources to remand efforts. In an affidavit attached to the reply, Ms. Hawk avers that she and co-counsel, Mr. Joe M. Romero, "have incurred associated costs with responding to the Notice of Removal and then Defendant's Response to Plaintiff's Motion to Remand in terms of attorney time in the amount of $730.00." (Doc. 17-2, Hawk Aff.¶¶ 1- 2.) The affidavit contains no breakdown of the hours expended or the hourly rate charged. (Hawk Aff.)

**II.    Discussion.**

An action is removable from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law.

3

28 U.S.C. § 1441(b). In *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987), the Supreme Court set forth the general principles for determining whether a complaint states a claim arising under federal law:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Id. at 392 (citation omitted). A defendant may not rely on a federal defense to a state law claim as a basis for removal. *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

The allegations in the Complaint rely exclusively on state law. No federal question is presented on the face of the Complaint. Mr. Romero has confirmed in his motion to remand that he has asserted only state law claims at all relevant times. Based on this confirmation, Defendants do not oppose remand. Because this action is not founded on a claim or right arising under federal law, federal subject matter jurisdiction is absent. Under these circumstances, the motion to remand should be granted.

Mr. Romero requests an award of attorney fees and costs on the ground that the notice of removal was without legal or factual support. This Court has discretion to require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal. *See* 28 U.S.C. §1447(c). The Supreme Court has recognized that the standard for awarding fees should turn on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The reasonableness test serves to "deter removals sought for the purpose of prolonging litigation and

imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

It bears underscoring that the Court maintains discretion whether to award attorneys fees on remand to state court. *See Kansas ex rel. Morrison v. Price*, 242 Fed. Appx. 590, 593 (10th Cir. 2007) (reviewing award of fees under Section 1447(c) for abuse of discretion). The attorney fees incurred in preparing the motion to remand and reply could have been avoided had counsel for Mr. Romero complied with D.N.M.LR-Civ.7.1(a).[1] Moreover, the delay could have been avoided if counsel had conferred in a timely manner. Because Mr. Romero failed to seek concurrence from opposing counsel before filing the motion to remand, the Court declines to award attorney fees. Each party should bear its own costs.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 13), filed on June 16, 2009, is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that this matter is remanded to the Fourth Judicial District Court, County of San Miguel, State of New Mexico.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney fees is **DENIED.**

**IT IS FURTHER ORDERED** that each party shall bear its own costs.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[1] D.N.M.LR-Civ.7.1(a) provides, in pertinent part: "Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." *Id*.